# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMARIOL DONTREA FUNCHES ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.   10-cv-1282 |
| ) | |
| STEWART P. FORDEN, KATHERINE ) | |
| GORMAN, KEVIN LYONS, ERIC ) | |
| HARMTANNS, NICK BACH, RONI VAN ) | |
| AUSDELL, and JOHN MCAVITT, ) | |
| ) | |
| Respondents. ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner's Complaint (Doc. 1), which has been construed by this Court as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] In his Complaint, Petitioner brings claims against seven Defendants[2] for violations of his constitutional and civil rights.  Petitioner's Complaint seeks immediate release from confinement, a dismissal of his case and the expungement of his record.  He also requests $15.5 million for mental and emotional damages arising

---

[1] Concurrently with his Petition, Petitioner filed a Motion to Proceed in forma pauperis (Doc. 2).  This motion will be decided at a later date if a § 1983 claim is filed that passes muster under 28 U.S.C. § 1915(A).

[2] Petitioner seeks to bring claims against Stewart P. Forden, Chief Judge of the Peoria County Circuit Court, Katherine Gorman, the Presiding Circuit Judge over his criminal case, Kevin Lyons, the Head State's Attorney, Nick Bach and Eric Hartmanns, Assisting Prosecuting Attorneys, Roni Van Ausdall, his defense attorney, and John McAvitt, his arresting officer.

out of the violations of his Constitutional rights, as well as various other civil remedies.[3]

To the extent Petitioner is seeking release from confinement, his petition is not yet ripe and therefore must be dismissed. Before a Petitioner can seek federal habeas review, he must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this case, Petitioner has clearly not exhausted his state remedies. In fact, in an attachment to his Complaint, Petitioner notes that he has not even been sentenced yet as his sentencing date is October 14, 2010. (Doc. 1 Ex. 1 at 4). Before seeking relief in this Court, Petitioner should appeal his state conviction directly to the Illinois appellate courts, to give those courts a full and fair opportunity to resolve his claims.

To the extent that Petitioner desires civil remedies for the alleged violations of his individual rights, Petitioner should file a § 1983 action in this Court. The Clerk is directed to mail Petitioner a standard form for a § 1983 claim. For the foregoing reasons, the Petition is DISMISSED WITHOUT PREJUDICE.

---

[3] Petitioner asks that the Defendants be reprimanded, lose their licenses to practice law, and be ordered to take sensitivity training.

Entered this <u>22nd</u> day of September, 2010.


                                                                                                           s/ Joe B. McDade
                                                         JOE BILLY McDADE
                                United States Senior District Judge